7/30/2021 1:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55868557
By: Carolina Salgado
Filed: 7/30/2021 1:24 PM

NO. _____

| | | |
|---|---|---|
| **JOYCE MONTGOMERY** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| **V.** | § | _____ JUDICIAL DISTRICT |
| **KROGER TEXAS L.P.** | § | |
| **Defendant.** | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** JOYCE MONTGOMERY hereinafter called Plaintiff, complaining of and about KROGER TEXAS L.P. hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, JOYCE MONTGOMERY is an individual residing in Houston, , Texas in Harris County

3. Defendants KROGER TEXAS L.P. is licensed to do business in Texas and may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said

1

**EXHIBIT A**

Defendants as described above can be affected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over Defendant KROGER TEXAS L.P., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over KROGER TEXAS L.P. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Furthermore, Plaintiff would show that Defendant KROGER TEXAS L.P. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

7. Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

8. At all times material hereto, Defendant KROGER TEXAS L.P. was the owner of the premises located at 12434 Tx 249; Houston, Texas 77086.

9. On September 3, 2017, Plaintiff entered upon said property of Defendant at the invitation of Defendant to engage in the act of purchasing items.

10. Plaintiff was upon Defendant property KROGER TEXAS L.P. located at 12434

2

**EXHIBIT A**

Tx 249; Houston, Texas 77086 Plaintiff visited the location for the purpose of purchasing goods. While shopping Plaintiff slipped and fell on standing water in the floral department. Plaintiff fell to the floor striking her head on the counter. She fell with such force and in a manner that caused her to fracture her left knee. As a result of the incident, Plaintiff required immediate medical attention and surgery. There were no visible warning or caution signs in the area where the dangerous condition existed.

11.     Plaintiff's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## DEFENDANT'S DUTY TO PLAINTIFF

12.     Because Plaintiff was an invitee at the time of injury. Defendant owed duty to use ordinary care, including the duty to protect and safeguard the Plaintiff from unreasonable dangerous conditions on the premises or to warn of their existence.

## DEFENDANT'S BREACH OF DUTY TO PLAINTIFF

13.     Defendant conduct and that of its agents, servants and employees, acting within the scope of employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. Defendant knew or should have known of the condition on its premises. Additionally, the Defendant created the condition and it was foreseeable that someone would slip and fall.

14.     Each of these acts and omissions, whether taken singularly or in combination, was the proximate cause of Plaintiff's injuries and damages as described below.

## NEGLIGENCE OF DEFENDANT

15.     Plaintiff would submit to the Court that the conduct on the part of the Defendant, acting by and through its agents, servants and/or employees, was negligent and such negligence

3

**EXHIBIT A**

proximately caused the accident and injuries in question.

At all times pertinent herein, Defendant, its agents, servants and/or employees who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    A.    Failing to properly inspect and maintain the floral area so as to discover the dangerous condition;

    B.    Failing to maintain the floral area in a reasonably safe condition;

    C.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition in the floral area;

    D.    Failing to give warnings to Plaintiff of the unsafe condition;

    E.    Failing to properly monitor the floral area causing the fall; and

    F.    Failing to discover and remove standing water within a reasonable time.

## DAMAGES FOR PLAINTIFF

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant acts as described herein, Plaintiff was caused to suffer loss, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Mental anguish in the past;

**EXHIBIT A**

E. Physical pain and suffering in the future;

F. Mental anguish in the future;

G. Physical impairment in the past;

H. Physical impairment which, in all reasonable probability, will be suffered in the future;

I. Loss of earnings in the past;

J. Loss of earning capacity which will, in all probability, be incurred in the future;

K. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

L. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

M. Loss of Household Services in the past;

N. Loss of Household Services in the future;

O. Disfigurement in the past;

P. Disfigurement in the future; and

Q. Cost of medical monitoring and prevention in the future.

18. By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### REQUIRED DISCLOSURES

19. Pursuant to Rule 194 of the Texas Rules of Civil Procedure (Amended and Effective January 1, 2021), Defendant is required to disclose, produce the information, and material described in Rule 194.2 within thirty (30) days of the service of this request at the office

5

**EXHIBIT A**

of the undersigned. A party must make the initial disclosures at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order. But if the responsive documents are voluminous, the response must state a reasonable time and place for the production of documents.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount less than $200,000.00; pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE COX PRADIA LAW FIRM

By: *Jonathan H. Cox*
Jonathan H. Cox
Texas Bar No. 24007047
1415 North Loop West, Suite 305
Houston, Texas 77008
Tel. (713) 752-2300
Fax. (713) 752.2812
jhc@coxpradialaw.com

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

6

**EXHIBIT A**